UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JACKSON,

    Plaintiff,

CASE NO.:

-VS-

CLIENT SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, MICHAEL JACKSON ("Plaintiff") alleges violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendant, CLIENT SERVICES, INC. ("Defendant").

## INTRODUCTION

1. The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses

1

in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6. Defendant is a debt collection agency providing its services throughout the State of Florida, including Hillsborough County, Florida.

7. In 2016, Plaintiff filed bankruptcy, Case No. 16-bk-02854-KRM (the "Bankruptcy Action").

8. As part of the Bankruptcy Action, Plaintiff reaffirmed and agreed to re-pay the loan for his vehicle (the "Reaffirmation Agreement"). A true and correct copy of the Reaffirmation Agreement is attached hereto as Exhibit "A".

9. Pursuant to the Reaffirmation Agreement, Plaintiff agreed to make eighteen (18) monthly payments totaling $5,488.56, which if made, would pay off the debt in full.

10. The payments were to begin on June 15, 2016 for eighteen (18) months.

11. Plaintiff made all eighteen (18) payments for total payments of $5,488.56, paying off the debt in full.

12. Plaintiff made his last payment by November 15, 2017, in compliance with the Reaffirmation Agreement.

13. Plaintiff's payment ledger from his bank shows that he had made all eighteen payments, totaling $5,488.56, and did not owe any more monies. A true and correct copy of the payment ledger is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

14. The automobile loan (the "Alleged Debt"), was placed with Defendant for collections

15. On or about December 19, 2017, Defendant sent a collection letter and demand for payment to Plaintiff (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as Exhibit "C" and its contents are incorporated by reference herein.

16. The Demand Letter claims that Plaintiff owes $301.19 even though Plaintiff paid all monies pursuant to the Reaffirmation Agreement.

17. The amounts demanded in the Demand Letter are wrong and not due and owing.

18. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Violation of the FDCPA)

19. Plaintiff incorporates Paragraphs one (1) through eighteen (18) above as if fully set forth herein.

20. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

21. At all times material hereto: (a) Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

22. Defendant engaged in consumer debt collection activities against Plaintiff in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

23. The Debt Collection Conduct includes Defendant's attempts to collect a debt from Plaintiff that had been paid in full.

4

24. The Debt Collection Conduct includes Defendant's sending the Demand Letter which is an attempt to collect a consumer debt which was not authorized by the Reaffirmation Agreement, the agreement creating the Alleged Debt.

25. Defendant's Debt Collection Activity as described herein is a violation of the following provisions: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2), and 15 U.S.C. §1692(e)(10), which provide:

> ***§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:***
>
> ***(2) The false representation of—***
>    ***(A) the character, amount, or legal status of any debt…...***
>
> ***(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.***

26. Defendant's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> ***(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.***

5

27. As a result of the Debt Collection Activity and Defendant's violation of the FDCPA as described herein, Plaintiff has been injured.

28. Plaintiff is (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, MICHAEL JACKSON, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### (Violation of the FCCPA)

29. Plaintiff incorporates Paragraphs one (1) through eighteen (18) above as if fully set forth herein.

30. This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

31. At all times material hereto: (a) Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

32. The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Plaintiff for personal, family or household purposes.

33. Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq*.

34. Defendant engaged in consumer debt collection activities against Plaintiff in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

35. The Debt Collection Conduct includes Defendant's attempts to collect a debt from Plaintiff that had been paid in full.

36. Defendant knowingly prepared and sent the Demand Letter knowing that it was false or with blatant and reckless disregard for its accuracy

37. Defendant knowingly prepared and sent the Demand Letter in an attempt to collect monies from Plaintiff that were clearly not due and owing.

38. The Demand Letter constitutes "communication" as defined by Florida Statutes, §559.55(5).

39. Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

40. Defendant's business practices and actions were either intentional or grossly negligent.

41. As a result of the Debt Collection Conduct and Defendant's violation of the FCCPA, Plaintiff has been damaged, and Defendant is liable to Plaintiff for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

42. Plaintiff is (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

43. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

STAMATAKIS + THALJI + BONANNO

By: / s /        Nick Fowler
Sami Thalji, Esquire,
Florida Bar No.:165913
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Nick Fowler, Esquire, Trial Counsel
Florida Bar No.:81856
P.O. Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email:
Service@MyInjury.com
Counsel for Plaintiff