UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JACKSON,

    Plaintiff,

v.                                                          Case No.: 8:18-cv-489-T-24 MAP

CLIENT SERVICES, INC.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for an Award of Attorney's Fees and Costs. (Doc. No. 11). Defendant opposes the motion. (Doc. No, 15). As explained below, the motion is granted.

## **I. Background**

Plaintiff filed suit against Defendant on March 1, 2018, asserting claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). (Doc. No. 1). Defendant was served with the complaint on March 19, 2018, and Defendant filed its answer to the complaint on April 6, 2018. (Doc. No. 6, 9). On April 6, 2018, Defendant sent Plaintiff an offer of judgment, which Plaintiff accepted on May 4, 2018. (Doc. No. 10). The offer of judgment left open the issue of the amount of reasonable attorney's fees to be awarded to Plaintiff. On May 4, 2018, Plaintiff filed the instant motion for attorney's fees and costs.

Plaintiff seeks $476.20 in costs, and Defendant does not oppose that request. Accordingly, the Court awards Plaintiff $476.20 in costs.

**II. Motion for Attorneys' Fees**

Plaintiff seeks $4,795 in attorney's fees for 13.7 hours of work performed at an hourly rate of $350. Before awarding attorney's fees, the Court must determine if the amount requested is reasonable.

The starting point in determining reasonable attorney's fees is the lodestar, which is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted). Furthermore, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303 (citation omitted).

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted). An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. See id. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. See id. at 1304. In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims. See id. at 1301, 1302 (citation omitted).

Plaintiff seeks attorney's fees for the work performed by Nick Fowler, Esq. Fowler has been practicing law in Florida for eight years. (Doc. No. 11-1, ¶ 6). Fowler has represented a

large number of clients in consumer matters, and he charged $350 per hour for his work in this case. (Doc. No. 11-1, ¶ 7–8).

Defendant objects to Fowler's hourly rate and argues that it should be reduced to $225 per hour. However, based on the Court's experience, the Court concludes that Fowler's hourly rate of $350 is reasonable and reflects the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

Next, the Court reviews the billing records submitted by Plaintiff for the 13.70 hours of work done on this case. (Doc. No. 11-1, p. 46–47). Defendant makes several objections, arguing that Plaintiff is seeking fees for excessive amounts of time and for clerical matters. The Court has considered these arguments and overrules Defendant's objections. The Court finds that the 13.70 hours expended by Plaintiff's counsel was reasonable. Accordingly, the loadstar calculation results in an attorney's fee award of $4,795.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for an Award of Attorney's Fees and Costs (Doc. No. 11) is **GRANTED**. Plaintiff is awarded $4,795 in attorney's fees and $476.20 in costs.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of June, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record